This is an admonishment issue case. The defendant had pled guilty and had negotiated a guilty plea and had filed an initial post-conviction petition, which was dismissed, and this court affirmed that the defendant had pleaded guilty. Then the defendant filed a pleading, a per se pleading, that was clearly indicated to be a petition for relief from judgment under 2-1401. The court re-characterized that petition as a successive post-conviction petition, and the issue is whether the court had to give admonishments under Pearson or not. Now, before this court filed yesterday, or the day before, a motion to add authority and to cite the recent Illinois Supreme Court case in Stockville, which has some bearing. We will grant that. Okay, thank you. Then I will discuss it. In Shellstrom, which has to do with initial petitions, the court is required to give certain admonishments, and those admonishments are to notify the defendant that he's going to re-characterize and to warn regarding the effect of re-characterizing something as an initial post-conviction petition because post-conviction petitions, defendants are only allowed one. Without leaving court, and after that, then it has to meet the higher burden for successive petition. So this is, these Shellstrom, and then give the defendant an opportunity to withdraw or amend. Okay, so the warnings are to protect or insulate the defendant from the unintended consequences that might happen if the court re-characterizes. So that's the rationale behind Shellstrom admonishments. Recently in Stockville, what happened was the court did not re-characterize a pleading as an initial post-conviction petition, but the court did not give Shellstrom admonishments. What happened was that the court advanced it past that first 90-day summary dismissal period and appointed counsel. And so in that circumstance, where all of the unintended consequences of the Shellstrom admonishments are avoided because it has advanced to the second stage and counsel has been appointed, in that circumstance, the Illinois Supreme Court said Shellstrom admonishments are not necessary. Which, I mean, because none of the unintended consequences happen because the petition is advanced to the second stage and counsel is appointed, and then counsel can either amend or they can move to withdraw because they have counsel. Now here, in this circumstance, we don't have an initial petition. We have a successive petition. And the evils that Pearson admonishments are supposed to warn against is the dismissal of a successive, something that's re-characterized as a successive petition, the dismissal because it fails to plead and show cause and prejudice and doesn't even, and isn't even committed to be filed. Because in order to even be filed as a successive petition, you must show cause and prejudice. So the evils that Pearson admonishments are meant to avoid against is the dismissal before, I mean, not even permitting it to be filed, re-characterizing it and not even permitting it to be filed because it doesn't plead cause and prejudice. Okay. So what happened in this case is analogous, you know, as Shellstrom is to Stockpile. This case, Pearson is as to, well, you can extend the rationale of Stockpile is what I'm trying to say. This particular defendant suffered no consequence that the Pearson warnings were meant to avoid because the court permitted the filing without the showing of cause and prejudice. So all of the unintended consequences that Pearson was meant to avoid were avoided because he advanced it to permitting it to be filed without a showing of cause and prejudice. And then the court examined whether it was frivolous or not. And it was because it complained that he was not admonished at his guilty plea about the mandatory consecutive and the record clearly shows that he was. And at that point, the court dismissed it. So it was harmless error at most, and if you extend Stockpile to this particular, the rationale of Stockpile to this particular circumstance, then the defendant wouldn't have suffered none of the consequences from not giving the Pearson warnings because it advanced past the cause and prejudice stage, was permitted to be filed, and then was dismissed. And it has no long-term consequences because the defendant isn't barred from filing any number of successive petitions if he can get past the cause and prejudice stage. So there was no prejudice whatsoever, and this court should not disturb the court's dismissal flow. Are there any questions? Thank you. We'll take the case under refreshment.